UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SLATER PARK CONDOMINIUMS, a Washington Non-Profit Corporation,<br><br>        Plaintiff,<br>v.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois Corporation; and DOE INSURANCE COMPANIES 1-10,<br><br>        Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

The Slater Park Condominiums (the "Association") alleges as follows:

## I.     INTRODUCTION

1.1     This is an action for declaratory judgment (including money damages), breach of contract, bad faith, Consumer Protection Act ("CPA") violations, and money damages seeking:

(A)     A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under Allstate Insurance Company's ("Allstate") policies issued to the Association. The Association is seeking a ruling that each of Allstate's policies provide coverage for hidden damage at the Slater Park condominium complex and that Allstate is liable for money damages for the cost of repairing hidden damage at the Slater Park condominium complex.

(B)     Attorneys' fees (including expert witness fees) and costs.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

  (C) Money damages for the cost of repairing covered damage, bad faith, breach of contract, and violations of the CPA.

  (D) Any other relief the Court deems just and equitable.

## II. PARTIES AND INSURANCE CONTRACTS

2.1 <u>The Association</u>. The Slater Park Owners Association is an association located in Kirkland, Washington. The Slater Park Condominium consists of six buildings with fifty-two (52) residential units located in Kirkland, Washington.

2.2 <u>Allstate</u>. Allstate Insurance Company ("Allstate") is domiciled in Illinois with its principal place of business in Northbrook, Illinois. Allstate issued insurance policies to the Association including but not limited to Policy No. 050154012 (in effect from at least December 21, 1985 to January 31, 2010). The Association is seeking coverage against all Allstate policies issued to the Association.

2.3 <u>Doe Insurance Companies 1–10.</u> Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Slater Park Condominium complex as covered property.

2.4 <u>Slater Park Insurers</u>. Allstate and Doe Insurance Companies 1–10 shall be collectively referred to as the "Slater Park Insurers."

2.5 <u>Slater Park Policies</u>. The policies issued to the Association by the Slater Park Insurers shall be collectively referred to as the "Slater Park Policies."

## III. JURISDICTION AND VENUE

3.1 This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2 Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the Slater Park Insurers marketed and sold insurance to the Association in King County; a substantial part of the

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 2

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium building is located in King County.

## IV.     FACTS

4.1     Incorporation by Reference. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     Tender to Allstate.  On July 7, 2021, the Association tendered its claim to Allstate for recently discovered hidden damage at the Slater Park condominium complex.

4.3     Joint Intrusive Investigation.  The Association hired an investigative firm, Evolution Architecture ("Evolution"), to investigate the extent of damage at the Slater Park condominium complex. Evolution in conjunction with the Association's historical insurers, including Allstate, performed a Joint Intrusive Investigation at the Slater Park condominium complex. The Association understands from Evolution that the investigation revealed extensive hidden damage to gypsum sheathing, gypsum paper facing, gypsum core, gypsum sheathing fasteners, plywood sheathing, deck underlayment, floor underlayment, gypsum soffit, framing, and weather-resistive barrier throughout the property attributable to long term, incremental and progressive water damage. The Association's further understanding from its experts that the cost to repair these hidden damages is at least $3,300,000.00 which exceeds the jurisdictional limit of $75,000.

4.4     Allstate's Denial of the Association's Claim.  On September 16, 2022, Allstate unreasonably denied coverage for the Association's insurance claim.

## V.     FIRST CLAIM AGAINST THE SLATER PARK INSURERS: DECLARATORY RELIEF THAT THE SLATER PARK POLICIES PROVIDE COVERAGE

5.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.4, above, as if fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 3

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

5.2     <u>Declaratory Relief</u>. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)     The Slater Park Policies cover the hidden damage to exterior building components including but not limited to exterior gypsum sheathing paper facing, gypsum core, gypsum sheathing, gypsum fasteners, plywood sheathing, gypsum soffits, deck underlayment, floor underlayment, weather-resistive barrier and framing at the Slater Park condominium complex.

(B)     No exclusions, conditions, or limitations bar coverage under the Slater Park Policies.

(C)     The loss or damage to Slater Park condominium complex was incremental and progressive.  New damage commenced during each year of the Slater Park Policies.

(D)     As a result, the Slater Park Policies cover the cost of investigating and repairing the hidden damage to exterior building components including but not limited to exterior gypsum sheathing paper facing, gypsum core, gypsum sheathing, gypsum fasteners, plywood sheathing, gypsum soffits, deck underlayment, floor underlayment, weather-resistive barrier and framing at the Slater Park condominium complex.

## VI.     SECOND CLAIM: AGAINST ALLSTATE FOR BREACH OF CONTRACT

6.1     <u>Incorporation.</u>  The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2     Allstate has contractual duties under the terms of its policy and/or policies to pay the cost of investigating and repairing the covered damage to the Slater Park condominium complex.

6.3      Allstate breached its contractual duties by wrongfully denying coverage on September 16, 2022, and by failing to pay the cost of repairing the covered damage to the Slater Park condominium complex.

6.4      As a direct and proximate result of Allstate's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 4

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

6.5     Additional Damages. As a direct and proximate result of Allstate's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII.     THIRD CLAIM: AGAINST ALLSTATE FOR INSURANCE BAD FAITH

7.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interest and its own interest and must not engage in any action that demonstrates a greater concern for its own financial interest than its insured's financial risk. An insurer who does not deal fairly with its insurer, or who does not give equal consideration to its insured's interest, fails to act in good faith.

7.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4     Allstate had a duty to investigate, evaluate, and decide the Association's claim in good faith. Allstate breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things: (1) failing to acknowledge that weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the Slater Park complex; (2) failing to acknowledge that weather conditions such as rain and wind-driven rain are covered causes of loss under its policy(s); (3) failing to acknowledge that there is coverage under its policy(s) when damage results from a concurrent combination of rain and bad construction or wear

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

and tear; (4) failing to acknowledge that there is coverage under the resulting loss clause in its policy(s); and (5) failing to define terms in the Allstate policy pursuant to the plain meaning of the terms.

7.5    A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Allstate's conduct violated Washington claim handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require Allstate to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.
- Which require Allstate to adopt and implement reasonable standards for the prompt investigation of claims.

7.6    Allstate's actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Allstate's duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

## VIII.   FOURTH CLAIM: AGAINST ALLSTATE FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1    <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 7.6, above, as if fully set forth herein.

8.2    Violations of claims handling standards provided under the WAC are per se CPA violations. On information and belief, the conduct of Allstate was deceptive, impacted the public, and had the

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 6

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

capacity to deceive. The Association is a consumer. As a direct and proximate result of Allstate's violations, the Association has been damaged in an amount to be proven at trial. The Association is entitled to damages, CPA penalties of up to $25,000.00 per violation, and attorneys' fees under the CPA.

## IX.  PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1  <u>Declaratory Judgment Regarding Coverage</u>.  A declaratory judgment that the Slater Park Policies provide coverage as described herein.

9.2  <u>Money Damages.</u>  For money damages against each of the Slater Park Insurers for the cost of investigating and repairing hidden damage at the Slater Park condominium complex in an amount to be proven at trial, as well as money damages against Allstate for breach of the duty of good faith in an amount to be proven at trial.

9.3  <u>Attorneys' Fees and Costs of Suit</u>.  For reasonable attorneys' fees (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4  <u>CPA Penalties.</u>  For CPA penalties against Allstate of up to $25,000 per violation.

9.5  <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

## X.  DEMAND FOR JURY TRIAL

10.1  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

Dated the 21st day of October, 2022.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Daniel J. Stein*
/s/ *Justin D. Sudweeks*
/s/ *Jerry H. Stein*
/s/ *Cortney M. Feniello*
Daniel J. Stein, WSBA #48739
Justin D. Sudweeks, WSBA #28755

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 7

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

Jerry H. Stein, WSBA #27721
Cortney M. Feniello, WSBA #57352
16400 Southcenter Parkway, Suite 410
Tukwila, WA 98188
Email: dstein@condodefects.com
Email: justin@condodefects.com
Email: jstein@condodefects.com
Email: cfeniello@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660

*Attorneys for Plaintiff*

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 8

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660